UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| **KENNETH WOLF,**             ) <br> ) <br> PLAINTIFF   ) <br> ) <br> v.                             ) <br> ) <br> **WILLIAM P.J. CULLEN,**     ) <br> ) <br> DEFENDANT   ) | CIVIL NO. 08-333-P-H |

### ORDER ON PLAINTIFF'S MOTION TO REMAND

The plaintiff's motion to remand is **GRANTED** because the removal was untimely under 28 U.S.C. § 1446(b). Although it is not jurisdictional, the thirty-day time limit of that statute is construed strictly. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941).

It is undisputed that the defendant's removal was one day late.

The parties' stipulation allowing an extension of time to respond to the complaint does not extend the time limit for removal. JJJ Constructora y Agregados v. U.S. Fid. & Guar. Co., 554 F. Supp. 2d 100, 101 (D.P.R. 2006); 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure: Jurisdiction § 3732, at 327 (3d ed. 1998).

It is apparent that defense counsel was misled by his own client's statement. The client told the lawyer that he was served September 2, 2008, and the lawyer removed the case October 2, 2008. Def.'s Opp'n to Pl.'s Mot. to

Remand 1-2 (Docket Item 15).  That would have been timely if the client's statement had been correct.  But when the return of service was filed, it revealed that service actually occurred on September 1, 2008, making the October 2, 2008, removal a day late.  Id. at 2.  That mistake cannot be held against the plaintiff, the party seeking remand.  The fact that the plaintiff's lawyer was uncertain of the actual date of service before seeing the return of service and told the defendant's lawyer earlier that "my office had been informed orally that service had occurred on September 5th, but . . . I was not certain as we had not yet received a return of service or other written confirmation," Decl. of Daniel A. Nuzzi ¶ 6 (Oct. 14, 2008) (Attached to Pl.'s Mot. to Remand) (Docket Item 9-2), is not sufficient to make out a successful estoppel argument when the client himself gave an earlier date and the defense lawyer relied upon the client's erroneous statement.

The motion to remand is **GRANTED**.  No fees or costs are awarded.

**SO ORDERED.**

**DATED THIS 18TH DAY OF NOVEMBER, 2008**

/s/D. BROCK HORNBY
D. BROCK HORNBY
UNITED STATES DISTRICT JUDGE